UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEDRO VALDOVINO RODRIGUEZ,

               Petitioner,

    v.

PAMELA BONDI, et al.,

               Respondent.

CASE NO. 2:26-cv-01118-BAT

**ORDER GRANTING PETITION AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C § 2241 habeas petition requesting the Court order Respondents to immediately release him from immigration detention, never redetained him, and declare "the prior order of removal void." Dkt. 1 at 10. For the reasons below, the Court **GRANTS** the habeas petition, and **ORDERS** Respondents to release Petitioner within 24 hours of the date and time this order was filed.

## BACKGROUND

Petitioner avers he is a Mexican citizen,[1] first came to the United States in 1994, returned to Mexico in 1998, and "returned to the U.S. in 1999 and has permanently resided in the United State since that time." Dkt. 1 at 5. The habeas petition indicates there is a:

> Notice and Order of Expedited Removal, dated January 16, 1999 claiming that that Mr. Rodriguez is ineligible for admission to the

---

[1] Habeas Petition, Dkt. 1 at 5.

ORDER GRANTING PETITION AND
ORDERING RELEASE - 1

> U.S. because he "falsely represented himself to be a citizen of the United States for the purpose or benefit under the Immigration and Nationality Act (including Section 274A) or any other Federal or State Law.

*Id.* at 6. Petitioner contends there is no proof an expedited order of removal exists because Respondents lack the required transcript that records and describes Petitioner's interactions with immigration officers and Petitioner's signature or his initials are not contained in the 1999 paperwork. *Id.* On February 22, 2026, Respondents detained Petitioner and transferred him to Arizona on February 26, 2026 for removal to Mexico on February 27, 2027. *Id.* at 2. With counsel's assistance Petitioner was not removed, was transferred to the Northwest ICE Processing Center at Tacoma, Washington, and was provided a reasonable fear hearing, which Petitioner argues was deficient. *Id.*

Petitioner contends:

> But for the unlawful expedited order of removal issued in 1999 he would be eligible to adjust his status in the United States. He would further be entitled to, at a minimum a bond hearing before an Immigration Judge and the full protections of 240 removal proceeding.

Dkt. 1 at 2.

In response, the Government agrees Petitioner is a citizen of Mexico but argues he is lawfully detained because he is subject to the 1999 expedited order of removal which was reinstated and thus constitutes a final order of order of removal. Dkt. 8. Respondents aver Petitioner has no legal status in the United States because on January 16, 1999, he was removed to Mexico pursuant to an expedited order of removal. Dkt. 9 (Declaration of Special Assistant United States Attorney Van Daley). Respondents also aver Petitioner unlawfully reentered the United States at an unknown place and time, was detained on February 22, 2026, was placed in

ORDER GRANTING PETITION AND
ORDERING RELEASE - 2

the Northwest ICE Processing Center and was served with a notice of intent to reinstate the 1999 expedited order of removal to serve as a final order of removal. *Id.* at 2.

After he was detained in February 2026, Petitioner expressed a fear of persecution or torture. On March 16, 2026 the U.S. Citizenship and Immigration Services determined Petitioner had failed establish such fear. *Id.* Following this determination, Petitioner requested review by an immigration judge and on April 1, 2026, an immigration judge affirmed the finding Petitioner had not established reasonable fear. *Id.*

On April 1, 2026, Petitioner filed his petition for writ of habeas corpus raising two claims for relief. Dkt. 1. In claim one, he argues the Court has jurisdiction to determine whether the 1999 expedited order of removal was issued and suggests the Court has jurisdiction to address whether the expedited order of removal was issued in compliance with governing statutes. Dkt. 1 at 8. Petitioner argues the Immigration and Nationality Act (INA) § 235(b)(1), codified at 8 U.S.C. § 1225(b), required Respondents to create a record of relevant facts; read to the noncitizen the contents of the form entitled "Record of Sworn Statement in Proceedings Under Section 235(b)(1), also know as Form I-867A; have the noncitizen sign and initial each page, and provide an interpreter as needed. Dkt 1 at 8.

Petitioner contends the record in this case shows there is no sworn statement, nothing showing the statement was not read to Petitioner, and Petitioner did not sign or initial each page. *Id.* Petitioner also contends the INA requires Respondents to advise him of the charges against him that are contained in the Notice and Order of Expedited Removal and provide Petitioner with the chance to respond. *Id.* at 9.

In claim two, Petitioner contends Respondents violated his due process rights by reinstating the "legally deficient expedited order of removal," and because Respondents "failed

ORDER GRANTING PETITION AND
ORDERING RELEASE - 3

to provide Petitioner with a copy of the negative reasonable fear determination, failed to provide him a full copy of the record that would be reviewed by the Immigration Judge, and failed to provide him with a review hearing withing 10 days of the negative fear determination." *Id.*

On April 2, 2026, Respondents served Petitioner notice of imminent removal. *Id.* at 2-3. On April 3, 2026, the Court ordered Respondents not to move Petitioner out of district or remove him pending further order of the Court and resolution of his petition for writ of habeas corpus. Dkt. 6.

## DISCUSSION

This Court may grant Petitioner's writ of habeas corpus if his custody violates the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Petitioner's case revolves around a 1999 expedited order of removal. Respondents rely upon the 1999 order as grounds to detain and remove Petitioner. Section 1253(a)(2)(A) which governs this Court's review of expedited removal orders provides "no court shall have jurisdiction to review" an expedited removal order except as provided in subsection (e). 8 U.S.C. § 1252(a)(2)(A). Subsection (e) limits the Court's habeas review to three narrow issues:

> (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed [under an expedited removal order], and (C) whether the petitioner can prove" that they have lawful status in the United States as an asylee, refugee, or permanent resident.

8 U.S.C. § 1252(e)(2). Additionally, § 1252(e)(2) "does not permit aliens to challenge the validity of the expedited removal order[.]" *United States v. Brajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011); *see also Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1190 (9th Cir. 2021).

The parties agree the Court cannot grant habeas relief on the grounds the 1999 expedited order of removal contains defectives and is thus invalid. However, Petitioner contends the Court

ORDER GRANTING PETITION AND
ORDERING RELEASE - 4

has jurisdiction to grant relief because he does not claim the order is merely defective, but rather he claims he is unlawfully detained because there is insufficient evidence to establish the 1999 expedited order of removal against him exists.

There is no dispute the record before the Court establishes (a) the Warrant of Removal/Deportation, Form I-205 incorrectly states the 1999 expedited order of removal was issued by an immigration judge; (b) Form I-871 states the 1999 expedited order of removal was entered on January 15, 1999 but Form I-213 stated Petitioner was issued an expedited order of removal on January 16, 1999; (c) the regulations governing issuance of an expedited order of removal require the creation of a factual record regarding the bases for removal, the reading of the sworn statement of theses bases to the Petitioner, a record of Petitioner's responses, and Petitioner's signature and initials on each page of the sworn statement. The record before the Court does not contains anything showing these requirements were met; (d) Respondent's Exhibit 1, the 1999 expedited order of removal includes a notice that bears a 2026 date and there is no explanation for a 2026 date has appeared on a document that was theoretically issued in 1999 which indicates alteration of the record; (e) the 1999 order of expedited removal does not contain the signature or initials of any noncitizen; (f) Exhibit 2 is a "Departure Verification" dated "01/16/99" and signed "Pedro Valdovinos R." and (g) all of the exhibits submitted by Respondents are supported by the declaration of an Special Assistant United States Attorney who declares he was provided the exhibits by the United States Citizenship and Immigration Services, but does not declare he has any personal knowledge about the verity of their contents . *See* Dkt. 11.

The record before the Court is insufficient to show Petitioner was the individual subject to and removed in 1999 pursuant to the expedited order of removal. The Court cannot find

ORDER GRANTING PETITION AND
ORDERING RELEASE - 5

Petitioner was so removed because it is impossible that such an order exists where issuance of this single order is given two different dates. Moreover, there is insufficient evidence Petitioner was even the person subject to the 1999 expedited order of removal. The order of removal and departure verification do not contain a date of birth. The departure verification is in a signature that appears dissimilar to Petitioner's signature. *Compare* Dkt. 1, Exhibit 3 (Resident Alien Card) with Dkt. 10, Exhibit 2. There are no declarations from immigration officers averring they have personal knowledge that Petitioner was in fact the person served with and removed in 1999 pursuant to the expedited order of removal.

Because the Court finds the record fails to show the 1999 order of expedited removal exists or if it does the proffered 1999 order involved Petitioner, the Court finds Respondents' reliance upon the 1999 expedited order of removal is unsupported and Petitioner is unlawfully detained. The Court thus finds there is no final order of removal applicable to Petitioner, insufficient evidence Petitioner was the individual detained and removed in 1999 pursuant to an expedited order of removal, and Petitioner's detention is accordingly governed by 8 U.S.C. § 1226 because he had resided in the United States for over twenty years before he was detained in February 2026.

Although Petitioner is not a citizen, the Due Process Clause prohibits Respondents from depriving him of life, liberty, or property, without due process of law. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). In immigration detention cases, this Court has applied the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). *See e.g. E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320–21 (W.D. Wash. 2025). The *Mathews* test asks (1) What private interest was affected by Respondents' action; (2) What is the risk of an erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute

ORDER GRANTING PETITION AND
ORDERING RELEASE - 6

procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

The Court finds the first *Mathews* factor weighs in Petitioner's favor because freedom from detention lies at the core of the liberty protected by the Due Process Clause. *See e.g. Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas v. Davis,* 533 U.S. at 693. The Court also finds the risk of erroneous deprivation of Petitioner's due process rights is high. Petitioner has resided in the United States for over 25 years and has three children. He appears to have been employed, has a 2000 driving under the influence conviction which was dismissed in 2005, and he was arrested based upon an immigration targeted sweep. The second factor weighs in Petitioner's favor. And lastly the Court finds Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, 795 F.Supp.3d at 1323-24.

The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court also finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."). The Court accordingly finds Petitioner should be immediately released. *See E.A. T.B*, 795 F.Supp.3d at 1324.

For the foregoing reasons, the Court **ORDERS**:

ORDER GRANTING PETITION AND
ORDERING RELEASE - 7

1.      Petitioner's petition for writ of habeas corpus is **GRANTED**. The Court finds there is insufficient evidence the proffered 1999 expedited order of removal exists or if it does exist that Petitioner was the individual upon whom it was issued or served. Based upon the current record, Respondents may not rely upon the proffered 1999 expedited order of removal to detain or remove Petitioner.

2.      Respondents shall release Petitioner within 24 hours of the date and time this order is filed.

3.      Respondents shall file a certification that Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.      Petitioner's blanket request that Respondents be barred from ever detaining him again is **DENIED**. Respondents are **BARRED** from detaining Petitioner for no reason or for invalid reasons. However, there may arise circumstances, such as the commission of certain criminal offenses, in which Respondents would have valid grounds to redetain Petitioner. As such, the Court declines Petitioner's request to essentially immunize him from ever being redetained.

5.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute.

DATED this 27th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING RELEASE - 8